for 221158 Camara de Mercadeo Industria e Distribución de Alimentos Incorporated versus Domingo Emanuelli Hernandez et al. At this time would attorney Sanchez-Betanz please come to the podium and introduce himself on the record to begin. Good morning, your honors. I'm Luis Sanchez-Betanz on behalf of la Camara de Mercadeo Industria y Distribución de Alimentos Inc. which is commonly referred to as MIDA or MIDA. As the record shows we are appellant is requesting the revoking of the judgment entered by the district court based on the premise that PROMESA does not provide a private cause of action for entities like MIDA to challenge a regulation that has not been approved pursuant to law. In that sense the court or within that decision the court stated something that I think is important and that also has a bearing in our argument. If the court said the district court said nothing in the act nor the policy provides that a regulation is inconsistent with a certified plan is null and unenforceable on its face. And I disagree with that and basically because of what this court has said and Chief Judge Thompson was a member of that panel in the case of Pierluisi where confirming the decision of Judge Swain in the Vasquez-Garcet then said renamed as Pierluisi and the court noted what Judge Swain said with regards to this matter. He says however we note the district court's statement that a proper declaration of a negative section 108A2 determination by the board this is that a law would impair or defeat the rule triggers a statutory prohibition on action by the government to go forward with the target statute in this case a rule. Of course it does not empower the board to unilaterally and all without going to the court to ask for that remedy and we respectfully submit your honor that the district court opinion. Did the board ask for it in the case you're citing? I'm sorry? Did the board ask for it in the case you're citing? Yes. In the case you're saying the board asked for that remedy? Yeah. But it hasn't here? No that's correct. Pretty big difference. Yes but that does what I'm saying is and the purpose of this is that the determination of non-compliance with the plan triggers the provision that says that the government cannot enforce. In a situation in which the board does the rest of what the statute says which is to avail itself of the remedy. The question is what happens when it doesn't do that? Well I think that that does not bar an injured party on their general principles of administrative law to challenge a regulation that has not been approved pursuant to law. What's the cause of action you're relying on? We are asking for the court to bar the enforcement. No not the relief. What is the cause of action you're relying on? The basic administrative cause of action to review an action. Under Puerto Rico law? It has on well we have to do it on the PROMESA because it has. So you're claiming that the cause of action is provided by PROMESA itself? In a sense that PROMESA requires that it. There's a question about what PROMESA substantively requires. Yes. You have to have a cause of action to get in front of us to raise the PROMESA issue. Well. What is that cause of action? Is it Puerto Rico's administrative code? It'd be Puerto Rico administrative code as understood by the general principle of administrative law. And if I may your honor. Because then there's a question about whether we have federal question jurisdiction over the case. Well the thing is that since the process is under PROMESA. The one. But you're but that's asserting a ground under the Puerto Rico cause of action. Yes your honor. In a sense because it's the based on Puerto Rico law this regulation has not been approved pursuant to the law. It at it fall short because it has not been approved by the board. And since it has not been approved by the board our position is that. Is the argument you're making now was that made below? Yes your honor. We did that. We asked that. And in the complaint we were asking for the an injunction to bar the enforcement of the law. But you weren't citing Puerto Rico's administrative law in doing that were you? No. I don't recall at this time your honor. Now that's the thing you're relying on. I am. You can't make a new argument on appeal. What no your honor. What I'm saying is that there is law that refers to the proper process to approve a regulation. And in this case because the board did not approve it. Then they did not. I'm sorry. They cannot be enforced because this provision of the federal law PROMESA creates an additional tier to the administrative process in Puerto Rico to complete the approval of a regulation. And if it does not, the board does not approve it, then the regulation is not valid. It's not enforceable. Because it still lacks that. And our position is that since anything that directly or indirectly arises out of PROMESA then we have to exclusively come to the federal court. Even if it's under Puerto Rico law. But the fact is still that the board did not approve it and that the automatic prohibition, and I say automatic because it's stated in the law, I think it's section 204, that prohibits the government to enforce a regulation in this case that did not comply with the or is inconsistent with the fiscal plan. And there is no doubt that the board has determined that with regards to this regulation. So, in our view, even if it's under Puerto Rico administrative process law, the fact is that there is a specific prohibition, automatic because it has to comply with, and I think that the request is to the federal court on the general administrative process to ask for the enforcement, I'm sorry, to ask for the remedy not to enforce a regulation that has not been approved pursuant to PROMESA which has the prohibition of not enforcing such law or regulation that is inconsistent with the fiscal plan. It sounds to me like the argument you're making to us is that there's a violation of Puerto Rico administrative law, an ingredient of which is that there's this requirement for it to be in accord with law, and that ingredient of that state law claim is the PROMESA. That raises usually a federal question in jurisdictions. Well, the thing is that under Puerto Rico law is clearly has not completed the process. That's dependent on the meaning of the federal statute. Right. But that's what I'm saying. The claim is a violation of Puerto Rico law, which we don't usually hear, though. It just happens that there's an ingredient of it which is dependent on an interpretation of the federal statute, which sometimes can trigger federal question jurisdiction and sometimes can't, but none of that's addressed in any of the briefings. But the fact is, you know... And this particular form of the argument wasn't made to the district if I understand it right. Well, it was under a motion to dismiss, and it was focused more on the fact of the nullity of the regulation, but the remedy is really an enforcement of the lack of enforcement of that regulation based on the prohibition of section 204 that bars the government from enforcing a rule that is inconsistent with the fiscal plan. And the board determined that. And the board not only determined that it was inconsistent, it specifically said this regulation cannot be approved because of that. So the government of Puerto Rico went forward and submitted the regulation and is enforcing that regulation. So we are based on federal law, and specifically the prohibition to enforce a regulation that has not been completed because the board rejected it. The board did not approve it. So that creates the automatic prohibition. If we may. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, would the attorney for the appellees please introduce himself on the record to begin? For the record, Omar Andino-Figueroa for the government of Puerto Rico. May it please the court. The district court's decision should be affirmed for three main reasons. The first two reasons concern waiver, and those reasons present serious procedural hurdles that Appellant in this case has to surpass. The third reason assumes that this court does not apply waiver doctrine. The first reason to affirm the district court's ruling is that, in fact, Appellant has waived the entire review of the district court's decision. In fact, if we see Appellant's brief at page eight, Appellant concedes that it's not questioning the district court's ruling that PROMESA does not create an implied cause of action in favor of a third party other than the board. It's the government's position that there's no substantial question before this court. Did they argue below that it did create a private cause of action? Appellant, Your Honor? Yeah. The argument was based on preemption. Right. But they did not argue. What the cause of action was. Yeah, they didn't argue that. And then the district court just assumed the cause of action had to be PROMESA itself, and there wasn't one. Yes, Your Honor. I think that. And just to follow, but in the papers that were filed below to the district court, where did this idea that they were relying on PROMESA as providing a cause of action come from? Did the government respond in seeking the dismissal on the ground that there was no dismissal on the basis of standing? The government's position, Your Honor, at the below was based primarily on standing grounds. And then didn't the court shift it from one of standing to no private cause of action? Yes, Your Honor, the court, but the government's motions, if we see them, the government did argue that the appellants didn't have a private cause of action under PROMESA. And what did they, was there a response made below to that contention as to whether there was or whether there was some alternative cause of action? No, Your Honor, there wasn't an alternative cause of action provided by MENA in this case. They didn't identify any? No. But was there an opportunity to do so? Sorry, Your Honor? Did the district court provide an opportunity for them to do so? Yes, Your Honor, they were, various motions presented, replies, suppositions, and they did have opportunity. I think the point is, and going back to the Chief Judge's question, the jurisdiction invoked by MENA in this case was based on PROMESA. And I think that's why sometimes the cause of action and jurisdiction get intertwined in the briefings below. So, and that's why it didn't, it wasn't clear. Well, that's what we're trying to figure out for purposes of the waiver, whether it, that lack of clarity means there was a waiver or whether that means they didn't really quite understand what was the ground of dispute, so that now that they're articulating a cause of action, we could just address that cause of action, which seems to be, if I'm understanding it, the cause of action now seems to be Puerto Rico administrative law. Yeah, yes, Your Honor. I think the record is clear that the cause of action was based on preemption and the argument, I'm talking about the MENA's motions before the district court. They just never articulated what the cause of action was. They never articulated what the cause of action was, but they said it was preemption. And you responded by saying there's no cause of action because PROMESA doesn't provide one, and they're silent on that at that point? Yes, Your Honor. And then the district court agrees with you, and then up here, they now raise a new argument, so you say that new argument's waived if that's the ground. Yes, Your Honor, yes. And they're not challenging that PROMESA creates a private cause of action, so therefore, they've got nothing left. That's the idea? That's the idea, Your Honor. There's no argument against a district court ruling, really. It's a new argument, and if we see the record, that argument was never made. In fact, the first time it was made in this court's opening brief, so it was the first time that we see on the record. And they didn't make an argument that they might have an implied cause of action, and a supremacy clause, and something like, for a straight preemption claim. Did they make anything like that below? They did mention preemption, Your Honor, but it's undeveloped, and in fact, it's waived before this court. They didn't. They don't repeat that? They're not. They're only... Is this Puerto Rico law? Yeah, it was waived, and this other cause of action, the second cause of action, the contract clause claim was also waived before this court. Thank you. Thank you, Your Honor. Thank you, counsel. That concludes argument in this case. Counsel is excused.